IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT HARRISON                                                  PLAINTIFF

vs.                             Civil No. 04-4156

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                      DEFENDANT

**MEMORANDUM OPINION**

Robert Harrison, the pro se plaintiff in this case, has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying his application for disability insurance benefits (hereinafter "DIB"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*.

Both parties have filed appeal briefs (Doc. #8 & 10). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

The history of the administrative proceedings is contained in the respective appeal briefs, as well as in the Administrative Law Judge's decision. Because the instant matter concerns unusual issues, the history will be recounted here, for the benefit of the reader.

Plaintiff filed a claim for DIB on January 31, 2002, alleging June 1, 1995 as the onset date of his disability (T. 63). The claim was denied initially and upon reconsideration (T. 38, 42). Plaintiff was afforded an administrative hearing on August 27, 2003 (T. 547-565), at which he was represented by counsel (T. 16, 547). On October 15, 2003, the ALJ issued a fully favorable decision, finding the plaintiff met the criteria for disability beginning June 1, 1995, plaintiff's alleged onset date (T. 16-24).

Plaintiff had filed a previous application on September 2, 1999 (T. 66-68), alleging the same onset date. In his decision, the ALJ stated:

> Another issue which must be addressed in this case is whether a decision by the State Agency initially denying a claim filed by the claimant on September 2, 1999 should be reopened. Because the claimant filed his new application within the four-year period following the date of the notice of the initial determination made with respect to the earlier application, that prior determination may be reopened for good cause. Good cause is established if new and material evidence is submitted, there has been a computational error, or the evidence considered in making the earlier determination clearly shows on its fact that an error was made (20 CFR §404.987 et seq.). In conjunction with his new application, the claimant has submitted new and material evidence in the form of medical records not previously considered. Thus, there are grounds upon which the earlier determination may be reopened and revised.

(T. 17). The ALJ also made the following relevant findings:

> 1. With regard to the claim for a period of disability and [DIB], the claimant met the nondisability requirements set forth in Section 216(i) of the [Act] on June 1, 1995, and was insured for disability benefits through December 31, 1998).
>
> * * *
>
> 14. The claimant has been under a disability, as defined in the Social Security Act, since June 1, 1995. 20 C.F.R. §404.520(f).

(T. 23-24).

> In his appeal brief, the plaintiff argues the following:
>
> 5. In accordance with the Administrative Law Judge findings in compliance with the Social Security Act disability Act 216(i) and 223 I am requesting back payment commencing from June 1, 1995 at the rate of disability Social Security Benefit payment as ordered by ALJ Wendell C. Fowler.

(Doc. #8, p. 2). The defendant counters, however, contending that "the fact that Plaintiff was awarded a period of disability going back to June 1, 1995, does not automatically result in payment of disability benefits back to that time." (Doc. #10. p. 4). To the contrary, according

AO72A
(Rev. 8/82)

to the defendant, under the circumstances present herein, the regulations provide that actual disability benefits are payable only for up to 12 months prior to the plaintiff's application for such benefits. The undersigned agrees.

A plaintiff may be awarded retroactive disability benefits for a period of up to one (1) year prior to the date of application, when said plaintiff has filed the application after the first month he or she could have been entitled to them. *Boock v. Shalala, 48 F.3d 348, 350 (8th Cir. 1995)*, citing *42 U.S.C. § 423(b) (1988)* and *20 C.F.R. § 404.621(a)(1)(i) (1994)*. Here, the date of plaintiff's first application, which was reopened by the ALJ, is September 2, 1999. Thus, plaintiff is entitled to back benefits retroactive to September, 1998, or 12 months prior to his September 1999 application date. *Id.* (T. 54). In addition, it is uncontroverted that "payment information shows that Plaintiff received a check for back benefits retroactive to September 1998" (Doc. #10, p. 4).

**Conclusion:**

Accordingly, based upon the foregoing, the undersigned finds that substantial evidence supports the determination to award back benefits from September 1998, rather than June 1, 1995, as asserted by the plaintiff. The decision is affirmed and the plaintiff's Complaint is dismissed with prejudice.

ENTERED this 14th day of December, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)